FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 29 2018 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
LUIS I. BELVIS, RAUL F. DE LEON, and CYD
RICH C. RECENTE,

                Plaintiffs,

        – against –

RALPH COLAMUSSI, HISTORICAL THATCHED
COTTAGE CATERERS, INC., JOE'S FRIENDLY
SERVICES & SON, INC., d/b/a HISTORICAL
THATCHED COTTAGE, and ROBERTO
VILLANUEVA,

                Defendants.
------------------------------------X

ORDER
CV 16-544 (JFB) (ARL)

JOSEPH F. BIANCO, District Judge:

On February 3, 2016, plaintiffs Luis I. Belvis ("Belvis"), Raul F. De Leon ("De Leon") and Cyd Rich C. Recente ("Recente," and collectively, "plaintiffs") filed the complaint in this action against defendants Ralph Colamussi ("Colamussi"), Historical Thatched Cottage Caterers, Inc. ("Thatched Cottage"), Joe's Friendly Services & Son, Inc., doing business as Historical Thatched Cottage ("Joe's Friendly"), and Roberto Villanueva ("Villanueva"), alleging violations under the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. §§ 1589 and 1590, the Alien Tort Statute, 28 U.S.C. § 1350, and New York Labor Law. (Compl., ECF No. 1.) Plaintiffs served defendants on March 5, 2016.[1] (ECF Nos. 7-9.) Despite proper service, defendants failed to answer or respond to the complaint. Accordingly, plaintiffs requested a certificate of default (ECF Nos. 11, 12), and on February 14, 2017, the Clerk of Court entered default against defendants (ECF No. 13).

---

[1] Villanueva was not served with the complaint until March 12, 2018. (ECF No. 29.) Accordingly, judgment shall not be entered against Villanueva at this time, and any reference to "defendants" herein refers to Colamussi, Thatched Cottage, and Joe's Friendly, but not Villanueva.

On March 13, 2017, plaintiffs moved for default judgment. (ECF No. 14.) By Order dated March 20, 2017, the Court directed defendants to respond in writing within fourteen days as to why default judgment should not be entered, and the Court warned that failure to respond would result in the entry of default judgment. (ECF No. 21.) On April 27, 2017, with no response from defendants, the Court granted plaintiffs' motion for default judgment and referred this matter to Magistrate Judge Arlene R. Lindsay for a Report and Recommendation to address the issue of damages and other relief sought by plaintiffs. (ECF No. 23.)

Presently before the Court is a Report and Recommendation from Judge Lindsay (the "R&R," ECF No. 26), recommending that judgment be entered against defendants in favor of plaintiffs as follows:

(1) that Belvis be awarded $125,460.60, representing $3,216.00 in unpaid wages, $21,466.80 in unpaid overtime pay, $24,682.80 in liquidated damages, and $76,095.00 in emotional distress damages;

(2) that De Leon be awarded $38,334.60, representing $5,769.60 in unpaid wages, $6,130.20 in unpaid overtime pay, $11,899.80 in liquidated damages, and $14,535.00 in emotional distress damages; and

(3) that Recente be awarded $14,064.60, representing $4,659.60 in lost wages and $9,405.00 in emotional distress damages.

The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service. (R&R at 16.) Plaintiffs served the R&R on Colamussi on March 9, 2018 (ECF No. 28) and on Thatched Cottage and Joe's Friendly on March 12, 2018 (ECF Nos. 30, 31). The date for filing any objections has thus expired, and no party has filed an objection. For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R in its entirety.

Where there are no objections, the Court may adopt a report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although no party has objected to the R&R, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Having conducted a review of the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the findings and recommendations contained in the R&R in their entirety. Accordingly, IT IS HEREBY ORDERED that:

(1) Belvis be awarded $125,460.60, representing $3,216.00 in unpaid wages, $21,466.80 in unpaid overtime pay, $24,682.80 in liquidated damages, and $76,095.00 in emotional distress damages;

(2) De Leon be awarded $38,334.60, representing $5,769.60 in unpaid wages, $6,130.20 in unpaid overtime pay, $11,899.80 in liquidated damages, and $14,535.00 in emotional distress damages; and

3

(3) Recente be awarded $14,064.60, representing $4,659.60 in lost wages and $9,405.00 in emotional distress damages.

IT IS FURTHER ORDERED that the Clerk of Court enter judgment accordingly.

IT IS FURTHER ORDERED that plaintiffs shall serve a copy of this Order on defendants.

SO ORDERED.

*Joseph Bianco*
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: March 29, 2018
Central Islip, New York